FILED
United States Court of Appeals
Tenth Circuit

October 3, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM NEWLAND; PAUL NEWLAND;
JAMES NEWLAND; CHRISTINE
KETTERHAGEN; ANDREW NEWLAND;
HERCULES INDUSTRIES, INC., a Colorado
corporation,

      Plaintiffs - Appellees,

v.

KATHLEEN SEBELIUS, in her official
capacity as Secretary of the United States
Department of Health and Human Services;
HILDA SOLIS, in her official capacity as
Secretary of the United States Department of
Labor; TIMOTHY GEITHNER, in his official
capacity as Secretary of the United States
Department of the Treasury; UNITED
STATES DEPARTMENT OF HEALTH AND
HUMAN SERVICES; UNITED STATES
DEPARTMENT OF LABOR; UNITED
STATES DEPARTMENT OF THE
TREASURY,

      Defendants - Appellants.

-------------------------------------------

AMERICANS UNITED FOR SEPARATION
OF CHURCH AND STATE; UNION FOR
REFORM JUDAISM; CENTRAL
CONFERENCE OF AMERICANS RABBIS;
WOMEN OF REFORM JUDAISM; HINDU
AMERICAN FOUNDATION; AMERICAN
CIVIL LIBERTIES UNION; AMERICAN
CIVIL LIBERTIES UNION OF COLORADO;

No. 12-1380
(D.C. No. 1:12-CV-01123-JLK)
(D. Colo.)

ANTI-DEFAMATION LEAGUE;
HADASSAH, THE WOMEN'S ZIONIST
ORGANIZATION OF AMERICA, INC.;
INTERFAITH ALLIANCE FOUNDATION;
NATIONAL COUNCIL OF JEWISH
WOMEN; RELIGIOUS COALITION FOR
REPRODUCTIVE CHOICE; UNITARIAN
UNIVERSALIST ASSOCIATION; UNITARIAN
UNIVERSALIST WOMEN'S FEDERATION;
LIBERTY, LIFE AND LAW FOUNDATION;
AMERICAN CENTER FOR LAW AND
JUSTICE; ASSOCIATION OF AMERICAN
PHYSICIANS & SURGEONS; AMERICAN
ASSOCIATION OF PRO-LIFE
OBSTETRICIANS AND GYNECOLOGISTS;
CHRISTIAN MEDICAL ASSOCIATION;
NATIONAL CATHOLIC BIOETHICS CENTER;
PHYSICIANS FOR LIFE; NATIONAL
ASSOCIATION OF PRO LIFE NURSES;
CATHOLIC MEDICAL ASSOCIATION; EAGLE
FORUM EDUCATION & LEGAL DEFENSE
FUND; ARCHDIOCESE OF DENVER;
ARCHDIOCESE OF PUEBLO; ARCHDIOCESE
OF COLORADO SPRINGS; ASSOCIATION OF
GOSPEL RESCUE MISSIONS; PRISON
FELLOWSHIP MINISTRIES; ASSOCIATION
OF CHRISTIAN SCHOOLS INTERNATIONAL;
NATIONAL ASSOCIATION OF
EVANGELICALS; ETHICS & RELIGIOUS
LIBERTY COMMISSION OF THE SOUTHERN
BAPTIST CONVENTION; INSTITUTIONAL
RELIGIOUS FREEDOM ALLIANCE; THE C12
GROUP; CHRISTIAN LEGAL SOCIETY;
UNITED STATES JUSTICE FOUNDATION,
EAGLE FORUM; BART STUPAK;
DEMOCRATS FOR LIFE OF AMERICA;
BREAST CANCER PREVENTION
INSTITUTE; BIOETHICS DEFENSE FUND;
LIFE LEGAL DEFENSE FOUNDATION,

   Amici Curiae.

-2-

## ORDER AND JUDGMENT[*]

Before **KELLY, LUCERO,** and **MATHESON,** Circuit Judges.

Kathleen Sebelius, Secretary of Department of Health and Human Services ("HHS"), appeals the district court's order granting the plaintiffs' motion for a preliminary injunction barring enforcement of an HHS regulation requiring employer-provided group health plans to cover certain contraceptive drugs and services. Exercising jurisdiction under 28 U.S.C. § 1292(a)(1), we affirm.

## I. **BACKGROUND**

Hercules Industries, Inc., a for-profit Colorado corporation, and five of its controlling shareholders and/or officers (collectively, the "Newlands") brought suit in Colorado district court seeking an exemption from an HHS regulation requiring that employer-provided health plans cover all contraceptive drugs and services approved by the Food and Drug Administration (the "Regulation"). 45 C.F.R. § 147.130(a). Hercules

* After examining appellant's brief and the appellate record, and in accord with our order dated August 12, 2013, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and the Newlands contend that compliance with the Regulation would violate their sincerely held religious beliefs about contraceptives.

The plaintiffs sought a preliminary injunction barring HHS from enforcing the Regulation against them, claiming that the Regulation substantially burdens their religious exercise in violation of the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb-1. The district court granted the preliminary injunction, and HHS timely appealed.

After both parties had filed their briefs, this court decided *Hobby Lobby v. Sebelius*, 723 F.3d 1114 (10th Cir. 2013) (en banc). That case involved materially similar facts and resolved questions of law applicable to this case. In *Hobby Lobby*, two for-profit corporations (collectively, "Hobby Lobby") and their individual owners challenged the same Regulation on RFRA grounds. This court reversed an Oklahoma district court's denial of Hobby Lobby's request for preliminary injunction, holding that the corporations were "persons" within the meaning of RFRA; that compliance with the Regulation would substantially burden the corporations' religious exercise; and that the Regulation was not narrowly tailored to achieve a compelling interest. *Id.* at 1121, 1128, 1142-43.

The en banc court therefore determined that the Hobby Lobby plaintiffs had satisfied two of the four preliminary injunction factors: (1) they were substantially likely to succeed on the merits of their RFRA claim, *id.* at 1145; and (2) they would suffer irreparable injury without the injunction, *id.* at 1146. We remanded to the district court to consider the remaining two preliminary injunction factors: (3) whether the likely harm to

plaintiffs without the preliminary injunction outweighed the likely harm to HHS as a result of the injunction; and (4) whether the injunction was adverse to the public interest. *Id.* at 1121-22, 1146; *see also Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012) (reciting the preliminary injunction factors).

HHS has filed a petition for certiorari with the Supreme Court, seeking review of our *Hobby Lobby* decision. Petition for Writ of Certiorari, *Sebelius v. Hobby Lobby*, No. 13-354 (U.S. Sept. 19, 2013). This petition remains pending as of the date of this order and judgment. For the reasons discussed below, we affirm the district court's preliminary injunction order and remand with instructions to abate further proceedings pending the Supreme Court's completion of its consideration of the *Hobby Lobby* case.

## II. **DISCUSSION**

We review a district court's decision to grant a preliminary injunction for abuse of discretion. *See Awad*, 670 F.3d at 1125. "To obtain a preliminary injunction, [Hercules] must show that four factors weigh in [its] favor: (1) [it] is substantially likely to succeed on the merits; (2) [it] will suffer irreparable injury if the injunction is denied; (3) [its] threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest." *Id.* (quotations omitted).

### A. *Likelihood of Success on the Merits*

The district court granted a preliminary injunction without determining whether Hercules or the Newlands were substantially likely to succeed on the merits. *Newland v.*

*Sebelius*, 881 F. Supp. 2d 1287, 1296-97 (D. Colo. 2012). It applied a relaxed preliminary injunction standard that allows relief without a showing of likelihood of success. Under the relaxed standard, a district court may grant a preliminary injunction when "the equities tip strongly in favor" of the party seeking the injunction and the merits questions "are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Id.* at 1294 (quoting *Okla. ex rel. Okla. Tax Comm'n v. Int'l Registration Plan, Inc.*, 455 F.3d 1107, 1113 (10th Cir. 2006)). It is not necessary for us to determine whether the relaxed standard applies because, as we explain below, our decision in *Hobby Lobby* resolves the likelihood of success factor in Hercules's favor.

Under RFRA, the government may not "substantially burden a person's exercise of religion" unless it shows that the law or regulation "is the least restrictive means of furthering [a] compelling governmental interest." 42 U.S.C. § 2000bb-1. To succeed on the merits of its RFRA claim, Hercules must show that (1) it is a person protected under RFRA; (2) compliance with the Regulation would substantially burden its religion; and (3) HHS cannot show that the Regulation is the least restrictive means to meet a compelling government interest.[1]

---

[1] In this case and in *Hobby Lobby*, individual and corporate plaintiffs raised the same claims. In *Hobby Lobby*, this court resolved the RFRA claim as to the corporate plaintiffs without reaching the individual plaintiffs' claims. *See* 723 F.3d at 1126 n.4. "[T]here is no dispute that relief as to [Hercules] would satisfy the [Newlands]." *Id.*

Continued . . .

Given our decision in *Hobby Lobby*, Hercules can likely meet all three elements of

its RFRA claim. Our precedent holds that Hercules is a "person" within the meaning of

RFRA, the Regulation substantially burdens its religious exercise, and the Regulation

fails to satisfy strict scrutiny. *See Hobby Lobby*, 723 F.3d at 1121, 1128, 1142-43.

## B. *Irreparable Harm*

The district court concluded that Hercules made a strong showing that "the injury

complained of is of such imminence that there is a clear and present need for equitable

relief to prevent irreparable harm." *Newland*, 881 F. Supp. 2d at 1294 (emphasis

omitted) (quotations omitted).

This court concluded in *Hobby Lobby* that the harm to the corporations' religious

liberties as a result of forced compliance with the mandate was irreparable and met this

preliminary injunction factor. *See* 723 F.3d at 1146. Given that decision, we cannot say

the district court abused its discretion in making the same conclusion as to Hercules.

## C. *Balance of Harms*

The district court held that the balance of harms tipped in favor of Hercules. To

succeed on this third factor, Hercules must show that "the threatened injury outweighs the

harm that the preliminary injunction may cause the opposing party." *Greater*

---

Cont.

Thus, we need not consider whether the Newlands' individual claims are likely to
succeed on the merits.

*Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1255 (10th Cir. 2003) (quotations omitted).

The district court stated that the only harm HHS would face from the injunction would be the inability to "enforc[e] regulations that Congress found [to be in] the public interest" and that this harm "pale[d] in comparison to the possible infringement upon [Hercules's] constitutional and statutory rights." *Newland*, 881 F. Supp. 2d at 1295 (quotations omitted).[2]

We may reverse only if the district court's conclusion was an abuse of discretion. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 394 (2006) ("[T]he decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts."). We recognized in *Hobby Lobby* the considerable importance of a corporation's religious liberty interests. *See Hobby Lobby*, 723 F.3d at 1145-46. *Hobby Lobby* also concluded that HHS's interest in enforcing the Regulation was not compelling. *Id.* at 1143-44.

The district court in the present case failed to address the government's interests of safeguarding the public health, protecting the statutory rights of affected employees, and ensuring the uniform enforcement of health care and employment regulations. We cannot say, however, in light of the *Hobby Lobby* decision, that its conclusion on the

---

[2] In *Hobby Lobby*, neither the district court nor this court resolved this preliminary injunction factor. 723 F.3d at 1121. We remanded this issue for further consideration. *Id.* In the present case, the district court did address this preliminary injunction factor, so we must review its conclusion for abuse of discretion. *See Awad*, 670 F.3d at 1125.

balance of harms was an abuse of discretion.

## D. *Public Interest*

The district court concluded that "public interest in the free exercise of religion" supported the preliminary injunction. *Newland*, 881 F. Supp. 2d at 1295. It considered HHS's argument that a preliminary injunction would harm Congress's public interest goals of "improving the health of women . . . and equalizing the coverage of preventive services for women and men." *Id.* (quotations omitted). But the district court reasoned that the current regulations exempting many employers, such as small businesses, from the Regulation dilute these interests. It held that the public interest favors the preliminary injunction.

Once again, our review standard is abuse of discretion, which "occurs only when the trial court bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." *Awad*, 670 F.3d at 1125 (quotations omitted). The district court applied the correct legal standard, and the evidence provides a rational basis for the ruling. We therefore cannot say that it abused its discretion in holding that this preliminary injunction factor favored Hercules.

## III. **CONCLUSION**

We conclude that the district court did not abuse its discretion in granting the preliminary injunction to Hercules. We therefore affirm and remand to the district court. Given the pending petition for certiorari before the Supreme Court in *Hobby Lobby*, the district court is instructed to abate further proceedings until the Supreme Court completes

its consideration of the *Hobby Lobby* case.   At that time, the abatement may be lifted and the court may undertake all proceedings necessary to resolve the issues remaining before it.  Finally, appellees' motion to hear this matter with the *Hobby Lobby* proceeding is denied as moot.

ENTERED FOR THE COURT

Scott M. Matheson, Jr.
Circuit Judge